UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT STRINGFELLOW, | No. 2:15-cv-1314 KJN P |
| Plaintiff, | |
| v. | ORDER |
| WARDEN PRICE, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding pro se, in an action brought under 42 U.S.C. § 1983.  On September 1, 2015, the undersigned recommended that this action be dismissed based on plaintiff's failure to timely file an amended complaint.  On September 3, 2015, plaintiff filed a motion for extension of time to file a third amended complaint.  On September 8, 2015, plaintiff consented to the jurisdiction of the U.S. Magistrate Judge, and requested appointment of counsel.

Good cause appearing, plaintiff's request for an extension of time to file an amended complaint is granted, and the findings and recommendations are vacated.  In light of plaintiff's consent, the Clerk of the Court is directed to remove the assignment of this case to a district judge.

Plaintiff requests that the court appoint counsel.  District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an attorney

to voluntarily represent such a plaintiff.  See 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel).  The burden of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Accordingly, IT IS HEREBY ORDERED:

1. Plaintiff's September 3, 2015 motion for an extension of time (ECF No. 11) is granted;

2. Plaintiff is granted 30 days from the date of this order in which to file a third amended complaint;

3. The findings and recommendations (ECF No. 10) are vacated;

4. The Clerk of the Court is directed to remove the assignment of this case to a district judge; and

5. Plaintiff's motion for the appointment of counsel (ECF No. 12) is denied without prejudice.

Dated:  September 14, 2015

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

stri1314.36